## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| CESAR SIERRA, | |
|     Plaintiff, | |
| -vs- | Case No. |
| EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and LENDINGCLUB CORPORATION, | |
|     Defendants. | |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, CESAR SIERRA (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and LENDINGCLUB CORPORATION (hereinafter "LendingClub") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq* and the Florida Consumer Collection Practices Act ("FCCPA") Fl. Stat. § 559.72 *et seq*.

1

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCCPA.

3.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

4.      Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

5.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

2

6.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

7.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

8.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

9.      Venue is proper in this District as Plaintiff is a natural person and resident of Hillsborough County, Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

10.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

12.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

13.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

14.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

15.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

16.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

17.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

18.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling,

evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

19.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

20.     LendingClub is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

21.     LendingClub is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

22.     LendingClub furnished Plaintiff's information to the CRAs which was inaccurate.

## **FACTUAL ALLEGATIONS**

23.     Plaintiff is alleged to owe a debt to LendingClub, partial account number ending in x8270, as to an unsecured installment loan (hereinafter "LendingClub Account"). Plaintiff does not have an account with LendingClub and never applied or gave permission to anyone to apply using his information for the LendingClub Account.

24.     On or about September 16, 2022, Plaintiff received a notice of first payment from LendingClub regarding the LendingClub Account.

25.     On or about July 16, 2023, Plaintiff received another notice of payment from LendingClub regarding the LendingClub Account.

26.     In or about 2023, Plaintiff was in the process of purchasing a car, but his application for financing was denied following a review of his credit file and the LendingClub Account. Accordingly, Plaintiff was unable to move forward with the purchase.

27.     Shortly thereafter, Plaintiff contacted LendingClub for more information regarding LendingClub Account and was advised it was for a dentist's office in California. Plaintiff advised that he lived in Florida and never visited a dentist's office in California. Further, Plaintiff disputed the LendingClub Account as fraudulent and that it did not belong to him.

28.     Further, Plaintiff contacted the dentist's office in California and was provided a copy of the contract which upon reviewed contained Plaintiff's forged signature.

29.     On or about January 22, 2024, Plaintiff obtained a copy of his Trans Union credit report. Upon review, Plaintiff observed personal identifying information which did not belong to him. Further, Plaintiff observed the LendingClub Account was appearing with a status of more than 30 days past due and a balance of $6,939.

30.     On or about January 24, 2024, Plaintiff contacted Trans Union via telephone to dispute the erroneous LendingClub Account which did not belong to him.

31.     On or about January 26, 2024, Plaintiff received a response from LendingClub which stated his fraud claim was invalid due to "your implied knowledge of the loan since its inception". Plaintiff never applied for the LendingClub Account and did not authorize anyone to apply on his behalf. He had no knowledge of the LendingClub Account at its inception.

32.     Due to the inaccurate reporting, on or about February 16, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised that the LendingClub Account did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the contract with his forged signature, and other supporting documents.

33.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 0924 3171 82), Experian (9589 0710 5270 0924 3171 99), and Trans Union (9589 0710 5270 0924 3171 75).

34.     On or about March 1, 2024, Plaintiff received dispute results from Trans Union which stated the LendingClub Account was verified as accurate.

35.   Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

36.   Trans Union never attempted to contact Plaintiff during the alleged investigation.

37.   Upon information and belief, Trans Union notified LendingClub of Plaintiff's dispute. However, LendingClub failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

38.   Despite confirmation of delivery on February 20, 2024, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Equifax.

39.   Equifax failed to do any independent investigation into Plaintiff's disputes, and never attempted to contact Plaintiff.

40.   Despite confirmation of delivery on February 20, 2024, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Experian. However, upon review of his updated credit report, Plaintiff observed the LendingClub Account continued to be reported with a comment which indicated that the LendingClub Account was disputed and verified as accurate.

41.   Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

8

42.    Experian never attempted to contact Plaintiff during the alleged investigation.

43.    Upon information and belief, Experian notified LendingClub of Plaintiff's dispute. However, LendingClub failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

44.    On or about March 28, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 171133243. In this report, he explained that he was a victim of identity theft and that the LendingClub Account had been opened under his name and was listed in his credit report.

45.    Due to the continued inaccurate reporting, Plaintiff submitted an online dispute to Equifax and Experian regarding the fraudulent LendingClub Account.

46.    On or about May 17, 2024, Plaintiff received dispute results from Experian which stated the LendingClub Account was verified as accurate.

47.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

48.    Experian never attempted to contact Plaintiff during the alleged investigation.

49.    Upon information and belief, Experian notified LendingClub of Plaintiff's dispute. However, LendingClub failed to conduct a reasonable

9

investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

50.    On or about May 21, 2024, Plaintiff received dispute results from Equifax which stated the LendingClub Account was verified as accurate.

51.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

52.    Equifax never attempted to contact Plaintiff during the alleged investigation.

53.    Upon information and belief, Equifax notified LendingClub of Plaintiff's dispute. However, LendingClub failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

54.    Due to the continued inaccurate reporting, Plaintiff submitted a detailed dispute letter online to Trans Union on or about May 30, 2024. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised that the LendingClub Account did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, images of the contract with his forged signature, and other supporting documents.

55.     Due to the continued inaccurate reporting, on or about June 3, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised that the LendingClub Account did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, images of the contract with his forged signature, and other supporting documents.

56.     Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 0924 3574 23), Experian (589 0710 5270 0924 3574 16), and Trans Union (589 0710 5270 0924 3574 30).

57.     As of the filing of this complaint, Plaintiff has not received any response or dispute results from the CRAs.

58.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report the erroneous LendingClub Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

59.     The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher.

60.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

61.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

      i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

     ii.   Loss of time attempting to cure the errors;

   iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

   iv.   Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

62.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

63.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

64.     Equifax allowed for a Furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

65.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

66.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

67.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

68.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

69.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

70.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

71.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CESAR SIERRA, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## <u>COUNT II</u>
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Willful)**

72.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

73.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

14

74.     Equifax allowed for a Furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

75.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

76.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

77.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

78.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

79.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

80.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

81.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CESAR SIERRA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

82.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

83.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

84.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct

16

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

85.    Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation in his disputes or otherwise make his credit file accurate.

86.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

87.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

88.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CESAR SIERRA, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment

and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

89.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

90.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

91.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

92.     Plaintiff provided Equifax with the information it needed to confirm that he was a victim of a identity theft. Equifax ignored this information and failed to conduct a thorough investigation in his disputes or otherwise make his credit file accurate.

93.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

94.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

95.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CESAR SIERRA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

96.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

19

97.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

98.     Experian allowed for a Furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

99.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

100.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

101.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

102.    Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

103.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

104.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

105.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CESAR SIERRA, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

106.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

107.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

21

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

108.   Experian allowed for a Furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

109.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

110.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

111.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

112.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

113.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

114.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

115.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CESAR SIERRA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

116.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

117.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify

disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

118.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

119.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation in his disputes or otherwise make his credit file accurate.

120.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

121.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

122.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CESAR SIERRA, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

123.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

124.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

125.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

126.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation in his disputes or otherwise make his credit file accurate.

127.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

128.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

129.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CESAR SIERRA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

130.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

131.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

132.   Trans Union allowed for a Furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

133.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

134.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

135.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

136.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

137.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

138.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

139.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CESAR SIERRA, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

140.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

28

141.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

142.   Trans Union allowed for a Furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

143.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

144.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

145.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

146.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

147.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

148.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

149.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CESAR SIERRA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

150.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

151.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation;

(iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

152.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

153.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation in his disputes or otherwise make his credit file accurate.

154.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

155.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

156.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CESAR SIERRA, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

157.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

158.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

159.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

160.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation in his disputes or otherwise make his credit file accurate.

161.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

162.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

163.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CESAR SIERRA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further

violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, LendingClub Corporation (Negligent)

164.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

165.   LendingClub furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

166.   After receiving Plaintiff's disputes, LendingClub violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

167.   Plaintiff provided all the relevant information and documents necessary for LendingClub to have identified that the account was erroneous.

168.   LendingClub did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to LendingClub by Plaintiff in connection with his

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

169.   LendingClub violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

170.   As a direct result of this conduct, action, and/or inaction of LendingClub, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

171.   The conduct, action, and inaction of LendingClub was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

172.   Plaintiff is entitled to recover costs and attorney's fees from LendingClub in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CESAR SIERRA, respectfully requests that this Court award actual damages against Defendant, LENDINGCLUB

CORPORATION; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XIV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, LendingClub Corporation (Willful)

173.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

174.   LendingClub furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

175.   After receiving Plaintiff's disputes, LendingClub violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

176.   Plaintiff provided all the relevant information and documents necessary for LendingClub to have identified that the account was erroneous.

177.   LendingClub did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient

evidence by which to have verified that Plaintiff was not the responsible party, including information provided to LendingClub by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

178.   LendingClub violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

179.   As a direct result of this conduct, action, and/or inaction of LendingClub, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

180.   The conduct, action, and inaction of LendingClub was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

181.   Plaintiff is entitled to recover costs and attorney's fees from LendingClub in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CESAR SIERRA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LENDINGCLUB CORPORATION; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XV
### Violation of Florida Statues § 559.72 (9) as to
### Defendant, LendingClub Corporation

182.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

183.   LendingClub violated Florida Statues § 559.72 (9) by attempting to collect a debt it knew or had reason to know was not legitimate.

184.   LendingClub had all the information it needed to determine that the debt was inaccurate and not legitimate, and yet repeatedly attempted to collect payment from Plaintiff stating that he owed an illegitimate debt of $6,939.

185.   As a result of the conduct, action, and inaction of LendingClub, Plaintiff suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this Complaint. Plaintiff is in fear that the collection attempts by LendingClub will harm his credit reputation.

186.   Plaintiff is entitled to recover actual, statutory, compensatory, and punitive damages from LendingClub pursuant to the FCCPA.

187.   Plaintiff is entitled to recover reasonable attorney's fees and costs from LendingClub in the amount to be determined by the Court pursuant to the FCCPA.

WHEREFORE, Plaintiff, CESAR SIERRA, respectfully requests that this Court award actual, statutory, compensatory, and punitive damages against Defendant, LENDINGCLUB CORPORATION; jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems just, equitable, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CESAR SIERRA, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and LENDINGCLUB CORPORATION, jointly and severally; attorneys' fees and costs;

prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 12th day of June 2024.

Respectfully submitted,

***/s/ Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Secondary email:
Lisa@theconsumerlawyers.com

***/s/ Frank H. Kerney, III***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorney for Plaintiff*